**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| ZHONG LAW LLC and JIANLIN ZHONG, | ) | Civil Action No. 1:25-mc-00579 |
|  | ) |  |
| Non-Parties, | ) | **MEMORANDUM OF LAW IN** |
|  | ) | **SUPPORT OF NON-PARTIES** |
| v. | ) | **ZHONG LAW LLC AND JIANLIN** |
|  | ) | **ZHONG'S MOTION TO QUASH** |
| VOLKSWAGEN AG et al., | ) | **SUBPOENAS** |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |

## <u>TABLE OF CONTENTS</u>

**Page(s)**

I.    INTRODUCTION ................................................................................................................. 1

II.   BACKGROUND ................................................................................................................... 2

III.  LEGAL STANDARD............................................................................................................. 3

IV.   ARGUMENT......................................................................................................................... 4

     A.    The Subpoenas Are Unduly Burdensome.............................................................. 4

     B.    The Subpoenas Are Overly Broad and Seek Privileged or Protected
          Information ............................................................................................................. 6

V.    CONCLUSION.................................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re 650 Fifth Ave. & Related Props.*,
No. 08 Civ. 10934, 2013 WL 12335763 (S.D.N.Y. Aug. 29, 2013) ........................................4

*Applied Telematics, Inc. v. Sprint Commc'ns Co.*,
No. Civ. A No. 94-4603, 1996 WL 539595 (E.D. Penn. 1996).................................................9

*Athalonz, LLC v. Under Armour, Inc.*,
24 Misc. 0047 (DEH), 2024 WL 1555685 (S.D.N.Y. Apr. 10, 2024).....................................3

*Fishon v. Peloton Interactive, Inc.*,
336 F.R.D. 67 (S.D.N.Y. 2020) ...............................................................................................4

*Fitch, Inc. v. UBS PaineWebber, Inc.*,
330 F.3d 104 (2nd Cir. 2003)...................................................................................................3

*Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*,
No. 16-CV-1318 (GBD) (BCM), 2018 WL 6712769 (S.D.N.Y. Nov. 30,
2018) .......................................................................................................................................11

*Kirschner v. Klemons*,
No. 99 Civ. 4828, 2005 WL 1214330 (S.D.N.Y. May 19, 2005)............................................4

*Longhorn Auto. Grp. LLC v. Volkswagen AG*,
No. 2:24-cv-00933-JRG, Dkt. 1 (E.D. Tex. Nov. 15, 2024)......................................2, 5, 6, 11

*McCook Metals L.L.C. v. Alcoa Inc.*,
192 F.R.D. 242 (N.D. Ill. 2000)...............................................................................................9

*Night Hawk Ltd. v. Briarpatch Ltd., L.P.*,
No. 03 Civ 1382 (RWS) 2003 WL 23018833 (S.D.N.Y. Dec. 30, 2003) ..............................11

*Orbit One Commc'ns, Inc. v. Numerex Corp.*,
255 F.R.D. 98 (S.D.N.Y. 2008) ..............................................................................................10

*Palumbo v. Shulman*,
No. 97CIV.4314 (JGK)(KNF), 1998 WL 436367 (S.D.N.Y. July 27, 1998).........................10

*Resqnet.Com, Inc. v. Lansa, Inc.*,
No. 01 Civ.3578(RWS), 2004 WL 1627170, at *5 (S.D.N.Y. July 21, 2004) ...................8, 11

*Sec. & Exch. Comm'n v. Archer*,
No. 16 Civ. 3505, 2018 WL 3424449 (S.D.N.Y. July 2, 2018) ...........................................4, 5

*Solarex Corp. v. Arco Solar, Inc.*,
    121 F.R.D. 163 (E.D.N.Y. 1988) ........................................................................4

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......................................................................................2

Fed. R. Civ. P. 26 .................................................................................................1

Fed. R. Civ. P. 26(b)(1) ...............................................................................3, 7, 11

Fed. R. Civ. P. 34 .................................................................................................4

Fed. R. Civ. P. 45 .........................................................................................1, 3, 4, 11

Fed. R. Civ. P. 45(c)(2) ........................................................................................3

Fed. R. Civ. P. 45(c)(3) ........................................................................................3

Fed. R. Civ. P. 45(d)(3) ........................................................................................3

**TABLE OF EXHIBITS**

| Exhibit No. | Exhibit Description |
|:---:|:---|
| 1 | Subpoena *Duces Tecum* and *Ad Testificandum* to Zhong Law LLC |
| 2 | Subpoena *Duces Tecum* to Jianlin Zhong |
| 3 | Subpoena *Ad Testificandum* to Jianlin Zhong |
| 4 | Plaintiff Longhorn Automotive Group LLC's Preliminary Election of Asserted Claims, dated December 15, 2025 |
| 5 | Request for *Ex Parte* Reexamination of U.S. Patent No. 7,987,002 |
| 6 | Power of Attorney |
| 7 | Order Granting Request for Ex Parte Reexamination |
| 8 | Non-Final Office Action in Ex Parte Reexamination |
| 9 | Defendant Volkswagen AG's Initial Disclosures |

## I.    INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 26(b) and 45(d)(3), Non-Parties Zhong Law LLC ("Zhong Law") and Jianlin Zhong ("Mr. Zhong") respectfully submit this memorandum of law in support of their Motion to quash Defendants Volkswagen AG and Audi AG's (collectively, "Defendants") subpoenas duces tecum (the "Subpoenas") directed to Zhong Law and Mr. Zhong, prosecution counsel defending Longhorn Automotive Group, LLC ("LAG") in *Ex Parte* Reexamination No. 90/019,867 (the "'867 Reexamination") regarding U.S. Patent No. 7,987,002 (the "'002 Patent"). *See* Exs. 1–3. On their face, the Subpoenas fail to comply with Federal Rules of Civil Procedure 26 and 45 because they are overly broad, unduly burdensome, unreasonable in scope, not narrowly tailored, and seek information subject to privilege or protection from disclosure.

The Subpoenas request production of information regarding the '867 Reexamination, including (1) All documents relating to the '867 Reexamination; (2) All communications with Longhorn Automotive Group, LLC, Fabricant LLP, and Rubino IP, LAG's trial counsel in the litigation pending in the Eastern District of Texas against Defendants, and communications with the U.S. Patent and Trademark Office and third-parties, and any communications between "employees, members, or agents" of Zhong Law relating to the '867 Reexamination. *See* Ex. 1.

The deposition topics sought from Zhong Law and Mr. Zhong relating not only to the '867 Reexamination but any communications with LAG and its attorneys, coupled with the overly broad request for productions and topics that very clearly seek either publicly available or privileged information, raises serious concerns that Defendants are attempting to burden a third-party to improperly obtain privileged or protected information concerning the '867 Reexamination.

Furthermore, Defendants have failed to show that no other means exist to obtain the information sought before seeking to depose Zhong Law and Mr. Zhong. For example, several

document requests are available in the publicly available records of the '867 Reexamination, which is available on the U.S. Patent and Trademark Office's webpage. Aside from the public record, any materials related to the adversarial '867 Reexamination proceeding, to the extent they exist, are subject to immunity under the attorney work-product protection and other applicable privileges.

For the reasons set forth below, this Court should quash Defendants' Subpoenas, or in the alternative, modify Defendants' Subpoenas.

## II.    BACKGROUND

On November 15, 2024, Longhorn Automotive Group LLC ("LAG") filed a complaint for patent infringement in the Eastern District of Texas ("EDTX"). *See Longhorn Auto. Grp. LLC v. Volkswagen AG*, No. 2:24-cv-00933-JRG, Dkt. 1 (E.D. Tex. Nov. 15, 2024) (the "EDTX Case"). LAG filed an amended complaint on April 18, 2025. *See* EDTX Case, Dkt. 39. Both the original and amended complaints assert patent infringement of U.S. Patent No. 7,987,002 (the "'002 Patent"). Defendants moved for a partial dismissal of the amended complaint pursuant to Rule 12(b)(6). *See* EDTX Case, Dkt. 51 (E.D. Tex. May 2, 2025). Pursuant to the Court's Order Focusing Patent Claims and Prior Art to Reduce Costs, Plaintiff has elected to assert Claims 15, 16, 19, 21, and 25 of the '002 Patent (the "Asserted Patent Claims"). Ex. 4. Defendants have not filed an answer asserting any affirmative defenses in the EDTX Case.

On February 26, 2025, a third party initiated the '867 Reexamination by a request for *ex parte* reexamination of the '002 Patent before the U.S. Patent and Trademark Office ("USPTO"). *See* Ex. 5. Mr. Zhong and Zhong Law filed a Power of Attorney on October 2, 2025, appearing to defend LAG in the '867 Reexamination. *See* Ex. 6. The USPTO ordered reexamination on April 22, 2025. *See* Ex. 7. A non-final office action was issued on August 6, 2025, confirming the validity of all Asserted Patent Claims of the '002 Patent. *See* Ex. 8. The '867

Reexamination proceeding remains ongoing as the USPTO has not issued any reexamination certificate and a petition remains pending. The entire record for the '867 Reexamination is publicly available on the USPTO website.

Prior to making an appearance to defend LAG in the '867 Reexamination on October 2, 2025, Mr. Zhong was not involved in the prosecution of the '002 Patent, which occurred before issuance of the '002 Patent on July 26, 2011. Defendants VW and Audi have acknowledged these facts in the EDTX as their initial disclosures identify a different law firm, Fitch, Even, Tabin & Flannery, as having knowledge of prosecution matters. Ex. 9, at 6 ("Believed to have knowledge regarding the subject matter, conception, and reduction to practice of the '002 Patent, and the prosecution thereof.").

On Saturday, December 13, 2025, Defendants served subpoenas on Zhong Law and Mr. Zhong on a public golf course.

## III.    LEGAL STANDARD

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery "that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Motions to compel and motions to quash a subpoena are both 'entrusted to the sound discretion of the court.'" *Fitch, Inc. v. UBS PaineWebber, Inc.*, 330 F.3d 104, 108 (2nd Cir. 2003). Pursuant to Rule 45, a party may serve a subpoena on a non-party, although a non-party to whom the subpoena is addressed may object to the subpoena. Fed. R. Civ. P. 45(c)(2). Under Rule 45(c)(3), the Court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).

"The party seeking discovery [from a non-party under Rule 45] bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case." *Athalonz, LLC v. Under Armour, Inc.*, 24 Misc. 0047 (DEH), 2024 WL

1555685, at *2-*3 (S.D.N.Y. Apr. 10, 2024). "A subpoena that 'pursues material with little apparent or likely relevance to the subject matter' . . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous." *Kirschner v. Klemons*, No. 99 Civ. 4828, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005). "Determining undue burden requires a court to balance relevance, a party's need for the documents, whether the documents are available from other sources, the particularity with which the documents are described, and costs." *Sec. & Exch. Comm'n v. Archer*, No. 16 Civ. 3505, 2018 WL 3424449, at *1 (S.D.N.Y. July 2, 2018). "[W]ithin this Circuit, courts have held nonparty status to be a 'significant' factor in determining whether discovery is unduly burdensome." *In re 650 Fifth Ave. & Related Props.*, No. 08 Civ. 10934, 2013 WL 12335763, at *2 (S.D.N.Y. Aug. 29, 2013). Another factor "that goes to 'undue burden' is whether the requested information can be obtained from the parties themselves." *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020). "If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34[, which governs discovery from parties,] rather than subpoenaing them from a non-party witness [pursuant to Rule 45]." *Id.*

## IV.    ARGUMENT

The Court should quash Defendants' Subpoenas to Zhong Law and Mr. Zhong in their entirety because they lack relevance, are facially overly broad, unduly burdensome, unreasonable in scope, and seek privileged information protected from disclosure.

### A.    The Subpoenas Are Unduly Burdensome

First, the Subpoenas are unduly burdensome because non-party status is "significant in 'determining whether compliance [with a discovery demand] would constitute an undue burden.'" *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 179 (E.D.N.Y. 1988). Here, Zhong Law and Mr. Zhong's status as non-parties weigh heavily in favor of quashing the subpoenas. The subpoenas are directed to pursuing three general categories of information sought: [1] the '867

Reexamination (Document Requests 1-7, Deposition Topics 2-3); [2] Zhong Law and Mr. Zhong's general knowledge of the EDTX case and prior art to the '002 Patent (Deposition Topics 4-6); and [3] Zhong Law and Mr. Zhong's interest in the EDTX Case (Document Request 8, Deposition Topic 7). Defendants have not demonstrated that they have sought this information from the public record or from parties to the litigation. The requests and topics are unreasonable in scope and not narrowly tailored. Defendants have not narrowed the scope of the requests to the Asserted Patent Claims in the EDTX Case or information that is not duplicative of the record in the EDTX Case. Such tactics evince a fishing expedition designed to unduly burden, prejudice, and intimidate. The '867 Reexamination record is publicly available on the USPTO website. As Defendants acknowledged in the EDTX Case, Zhong Law and Mr. Zhong are patent prosecution counsel retained to defend LAG in the '867 Reexamination. Neither was involved in the patent prosecution leading up to the issuance of the '002 Patent on July 26, 2011. Regarding any financial or other interest in the EDTX Case, Defendants could have requested such information from LAG in the EDTX Case before serving Mr. Zhong with subpoenas on a golf course on a Saturday. That this information may be available from other sources weighs in favor of quashing the subpoenas. *See Archer*, 2018 WL 3424449, at *1.

Second, the Subpoenas are unduly burdensome because the '867 Reexamination is ongoing. The USPTO has not issued a reexamination certificate and is still considering a pending petition.  With the '867 Reexamination still ongoing, it is unclear whether Defendants will seek additional documents and testimony at the conclusion of the '867 Reexamination proceeding, further unduly burdening Mr. Zhong and Zhong Law, and incurring additional, unnecessary costs. Defendants' insistence on seeking "all Documents" and "Communications" during the pendency

of the '867 Reexamination demonstrates Defendants' unreasonable piecemeal requests for irrelevant information outside the scope of the EDTX Case.

### B.    The Subpoenas Are Overly Broad and Seek Privileged or Protected Information

The subpoenas are improper because they seek matter subject to at least the attorney-client privilege, the attorney work-product doctrine, and the joint defense or common interest doctrine. In the Subpoenas to Zhong Law, Defendants broadly seek information regarding the '867 Patent including:

1. All documents relating to the '867 Reexamination.

2. All communications with LAG relating to the '867 Reexamination.

3. All communications with Fabricant relating to the '867 Reexamination.

4. All communications with Rubino relating to the '867 Reexamination.

5. All communications with the U.S. Patent and Trademark Office relating to the '867 Reexamination.

6. All communications with any third-party relating to the '867 Reexamination.

7. All communications among employees, members, or agents of Zhong Law, LLC relating to the '867 Reexamination.

8. All documents relating to your direct or indirect involvement in this Action, your financial interest in the outcome of this Action, and/or your common business or other financial interest with the plaintiff and/or any other third party in connection with this Action.

*See* Ex. 1. Further, Defendants seek testimony from Zhong Law regarding:

TOPIC NO. 1: Any Documents or communications requested by subpoena in connection with this Action, including as requested in Attachment A above.

TOPIC NO. 2: The prosecution of the '867 Reexamination, including any instructions, analysis or review of any ex parte reexamination request or Office Action in such prosecution or any

6

art cited therein.

TOPIC NO. 3: Communications with any or all of the plaintiff in this Action, Thomas Schweitzer, Fabricant, and Rubino relating to the '867 Reexamination.

TOPIC NO. 4: Your knowledge or awareness of Defendants or this Action, including any positions taken or documents exchanged in this Action.

TOPIC NO. 5: Your knowledge or awareness of prior art related to U.S. Patent No. 7,987,002.

TOPIC NO. 6: Your disclosure of Prior Art related to the prosecution of U.S. Patent No. 7,987,002.

TOPIC NO. 7: Your financial interest in this Action, and/or your common interest with any of the inventors of U.S. Patent No. 7,987,002, the plaintiff in this Action, and/or any other third party in connection with this Action.

*See id.* Identical document requests and deposition topics were served on Mr. Zhong in the Subpoenas. *See* Exs. 2 and 3.

Given the nature of the attorney-client relationship between Zhong Law, Mr. Zhong, and LAG, Defendants do not show what documents, if any, would not be expected to be privileged. Indeed, it cannot do so here where most, if not all, of Defendants' Subpoenas are directed towards attorney work-product or privileged communications. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any ***nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case*** . . .") (emphasis added).

Defendants make no pretense in seeking privileged or protected matter, as the subject matter of the Subpoenas encompasses matter facially privileged or protected from disclosure. Regarding the '867 Reexamination (Exs. 1-2, Document Requests 1-7, Ex. 3, Deposition Topics 1-3), the reexamination records are publicly available on the USPTO website. The Subpoenas include requests for information that are clearly part of the Reexamination record. For example,

the Subpoenas request information including "All documents relating to the '867 Reexamination," "All communications with the U.S. Patent and Trademark Office relating to the '867 Reexamination," and "The prosecution of the '867 Reexamination, including any instructions, analysis, or review of any ex parte reexamination request or Office Action in such prosecution or any art cited therein." *See* Exs. 1-3. Defendants seek to unnecessarily burden third-parties where these materials are equally accessible to Defendants. Burdening Mr. Zhong and Zhong Law with materials that are part of the public record is unduly burdensome and intended to harass. *See Resqnet.Com, Inc. v. Lansa, Inc.*, No. 01 Civ.3578(RWS), 2004 WL 1627170, at *5 (S.D.N.Y. July 21, 2004) ("Lansa has had access to the file wrapper since the beginning of this matter in April of 2001, however, and has identified no specific topic or new information as to which Kaplan's testimony would be necessary."). The Subpoenas are overly burdensome for requesting the production of such public information.

The Subpoenas seek documents and testimony that are facially privileged or protected under the attorney-client privilege and/or attorney work-product. For example, "[c]ommunications with [LAG/Fabricant/Rubino] relating to the '867 Reexamination," "[c]ommunications among employees, members, or agents of Zhong Law, LLC relating to the '867 Reexamination," "[t]he prosecution of the '867 Reexamination, including any instructions, analysis, or review of any ex parte reexamination request or Office Action in such prosecution or any art cited therein," and "[c]ommunications with any or all of the plaintiff in this Action, Thomas Schweitzer, Fabricant, and Rubino relating to the '867 Reexamination," each seeks documents and information that are privileged under the attorney-client privilege. *See* Exs. 1-3. Defendants' definitions of the term "communication" also make clear that Defendants seek privileged information. Defendants define "communication" as "the transmittal of all information; all written,

oral, or telephonic communication; or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, computer mail, electronic mail, and documents evidence any verbal or nonverbal interaction between persons and entities." *See, e.g.*, Ex. 1 at 6. Requesting communications between [Zhong Law and Mr. Zhong] and any LAG (including its trial counsel) clearly shows that Defendants seek privileged communications between Zhong Law, Mr. Zhong, and LAG.

To the extent Defendants VW and Audi seek matter prepared by Zhong Law or Mr. Zhong, if such matter exists, it must be attorney work-product with no applicable waiver or exception because reexamination proceedings are adversarial in nature. *See Applied Telematics, Inc. v. Sprint Commc'ns Co.,* No. Civ. A No. 94-4603, 1996 WL 539595, at *5 (E.D. Penn. 1996) ("The reexamination proceeding itself is adversarial."); *McCook Metals L.L.C. v. Alcoa Inc.*, 192 F.R.D. 242, 260 (N.D. Ill. 2000) ("However, documents produced in preparation for a patent reexamination proceeding when related litigation was subsequently initiated in the federal courts have been held to be made in anticipation of litigation, and thus protected by the work product doctrine. In these cases, the court reasoned that, regardless of whether the reexamination proceeding was initiated by a competitor or the patent holder, 'the reexamination proceeding is an adversarial proceeding, similar to 'litigation,' to which the work product doctrine applies.'") (citations omitted).

For example, the preceding requests and topics, in addition to "[y]our knowledge or awareness of prior art related to the U.S. Patent No. 7,987,002" each seek documents and information protected under attorney work-product. *See* Exs. 1-3. Defendants cannot demonstrate that any such documents are not privileged or protected or that any party has waived privilege. *See*

*Orbit One Commc'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 104 (S.D.N.Y. 2008) ("In cases of corporate representation, the attorney-client privilege belongs to the corporation."). Defendants clearly request information that is within the scope of work-product of Zhong Law and Mr. Zhong. Defendants cannot cite to any basis for seeking protected information or unduly burdening third parties with the order to produce privilege logs for each and every document.

The Subpoenas also do not contain any limiting language clarifying that Defendants only seek non-privileged or non-attorney work-product information. Specifically, in the instructions for the Subpoenas, Defendants order that "[i]f you claim that any information, document, or thing or any part thereof requested herein is privileged or immune from discovery, and you shall separately produce a list specifying each such document, thing, or part thereof withheld from production and setting forth the following." *See* Ex. 1 at 8. The requests for Zhong Law and Mr. Zhong to provide privilege logs for each and every document that is privileged, unduly burdensome, and overly costly. Zhong Law and Mr. Zhong, as non-parties, should not be expected to create a privilege log, let alone produce privileged documents with the privileged portions redacted. This subjects Zhong Law and Mr. Zhong to undue burden—forcing Mr. Zhong and Zhong Law to review documents for confidentiality and have their privileged documents produced. *See Palumbo v. Shulman,* No. 97CIV.4314 (JGK)(KNF), 1998 WL 436367, at *5 (S.D.N.Y. July 27, 1998) (granting motion for a protective order in connection with non-parties). Such a request is overly burdensome to Zhong Law and Mr. Zhong. This is a clear fishing expedition to peek behind the curtain for privilege and protected mental impressions as the mere existence or not of a document on a privilege log will provide insight into LAG's resources, expenses, and overall strategy. Such materials are protected under the joint defense and common interest privilege.

Lastly, Defendants cannot demonstrate the relevance of such requests and topics. To the extent Defendants contend that these requests are relevant to purported defenses, there are no such defenses in the EDTX Case. Defendants have not yet answered the complaint and therefore, there are no pending affirmative defenses or counterclaims. *See Resqnet.Com*, 2004 WL 1627170, at *4 ("The defense [] giving rise to an inquiry as to the mental impressions of counsel prosecuting the patent has not been explicitly asserted in this action.") (citation omitted); *id.* at 5 (holding defendant is not entitled to "depose Kaplan on issues that have not been pled").

Accordingly, Defendants cannot demonstrate the relevance of the Requests and Topics of the Subpoenas. *See Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2018 WL 6712769, at *5 (S.D.N.Y. Nov. 30, 2018) (granting motion to quash subpoenas directed to a non-party because "[l]ike discovery requests served on parties, subpoenas issued to non-parties pursuant to [Rule 45] are subject to the relevance requirement of Rule 26(b)(1).") (citation and quotations omitted)); *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 Civ 1382 (RWS) 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 30, 2003) (granting motion to quash subpoena directed to a non-party because "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings").

The scope and breadth of the Subpoenas served on Zhong Law and Mr. Zhong clearly demonstrate that there is no limitation on Defendants' requests, seeking information and testimony that is not relevant, clearly privileged, and unnecessarily burdensome on third parties. Any relevant documents that are not privileged are easily accessible to Defendants through the reexamination record, and requiring all privileged documents to be logged and/or produced with redactions is unduly burdensome and unnecessary in view of the lack of relevance. Defendants cannot point to

any affirmative defense or counterclaim that such requests relate to. To burden third parties, particularly where such third parties are prosecution counsel, clearly demonstrate Defendants' intent to intimidate and harass Mr. Zhong and Zhong Law. Mr. Zhong and Zhong Law respectfully request the Court deny such requests and quash the Subpoenas in their entirety, or in the alternative, modify the Subpoenas.

## V.    CONCLUSION

For the foregoing reasons, the Subpoenas issued to Zhong Law and Mr. Zhong should be quashed in their entireties, or in the alternative, modify the Subpoenas.

Dated: December 17, 2025                    Respectfully submitted,

                                            _/s/ Vincent J. Rubino, III_                    
                                            Vincent J. Rubino, III
                                            NY Bar No. 4557435
                                            Email: vrubino@fabricantllp.com
                                            **FABRICANT LLP**
                                            411 Theodore Fremd Avenue,
                                            Suite 206 South
                                            Rye, New York 10580
                                            Telephone: (212) 257-5797
                                            Facsimile: (212) 257-5796

                                            ***ATTORNEY FOR NON-PARTIES***
                                            ***ZHONG LAW LLC and JIANLIN ZHONG***